**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| HILLMAR PATTERSON, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| KEVIN LEE, *et al.*, | : | NO. 7:07-CV-176 (HL) |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **HILLMAR PATTERSON, JR.**, an inmate at Lee State Prison in Leesburg, Georgia, filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Because plaintiff's complaint was excessive in length and contained wide-ranging allegations, the Court on October 23, 2008, ordered plaintiff to submit a recast complaint. Plaintiff complied with the Court's order.

### I. STANDARD OF REVIEW

#### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

1

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff's complaint arises out of two arrests and his subsequent conviction in Thomas County, Georgia. According to the Georgia Department of Corrections' website, plaintiff is serving a twenty year term of imprisonment. Plaintiff names as defendants: (1-4) Narcotics/Vice Agents Louis Schofill, Kevin Lee, David Melton, and Buddy Rhoden; (5-6) Public Defenders Jennifer Humphrey and Don T. Lyles; and (7-8) Jail Officials Virginia Williams and Captain John Richards.

In his recast complaint, plaintiff raises the following claims: (1) the four Narcotics/Vice Agents conducted an illegal video surveillance followed by an illegal search and arrest; (2) all defendants selectively prosecuted plaintiff on the basis of his race; (3) public defenders Humphrey

and Lyles acted deficiently in representing plaintiff; (4) jail officials Williams and Richards denied plaintiff access to a law library to prepare for his criminal case and opened on one occasion plaintiff's personal mail and removed citations to legal cases.  Plaintiff's claims are discussed below.

## III.  DISCUSSION

### A.  Fourth Amendment Violations

Plaintiff alleges that the Narcotics/Vice Agent defendants staged a drug buy from plaintiff at his house, conducted a video surveillance, searched plaintiff, and ultimately arrested him, all without a warrant.  While it is by no means clear plaintiff will prevail on the merits, the Court cannot determine that plaintiff's complaint is legally frivolous at this juncture. Plaintiff's complaint against Narcotics/Vice Agent defendants Louis Schofill, Kevin Lee, David Melton, and Buddy Rhoden, therefore, shall be allowed to go forward.

### B.  Selective Prosecution

Plaintiff alleges in a conclusory manner that he was arrested and prosecuted because he is black.  According to plaintiff, the Narcotics/Vice Agent defendants relied upon the word of career criminals and known drug addicts, some of whom are white, to "carry out multiple transactions for primary purpose of stacking charge, directed or instructed specific at blacks only."  Plaintiff claims "approximately 100 cases was made by such method all against blacks or African Americans."

"To state a claim for selective prosecution, [Plaintiff] must demonstrate that [ ]he was prosecuted while others similarly situated were not, and furthermore that the government prosecuted h[im] invidiously or in bad faith."  ***Gary v. City of Warner Robins***, 311 F.3d 1334, 1339 n.12 (11th

Cir.2002)(internal quotation omitted). Although plaintiff identifies his race as the target of discrimination, he has failed to allege sufficient facts to support this allegation. Specifically, plaintiff has failed to allege that similarly situated white individuals were not prosecuted.

In light of the above, it is **RECOMMENDED** that the instant claim be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable Hugh Lawson within ten (10) days after being served a copy of this order.

### C. Ineffective Assistance of Counsel

Plaintiff's wide-ranging allegations against public defenders Humphrey and Lyles appear to suggest that Jennifer Humphrey and Don T. Lyles rendered ineffective assistance of counsel. According to plaintiff, Humphrey, plaintiff's counsel following his first arrest, allegedly violated plaintiff's constitutional rights when she failed to visit with plaintiff in jail, failed to file a motion to suppress as requested by plaintiff, and withheld discovery from plaintiff. Lyles, who represented plaintiff after his second arrest, allegedly advised plaintiff to waive arraignment against plaintiff's wishes. Both Humphrey and Lyles allegedly failed to raise certain arguments that plaintiff wanted them to raise.

It is well-settled that in acting as counsel for a criminal defendant, a public defender does not act "under color of state law" and is therefore are not subject to suit under 42 U.S.C. § 1983. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). An attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law. *Id.*

4

In the present case, plaintiff alleges such a conspiracy involving plaintiff's public defenders and "law enforcement." Plaintiff, however, failed to plead more than a general conclusory allegation of conspiracy. Because plaintiff failed to allege specific facts supporting the existence of a conspiracy, plaintiff has not stated a constitutional claim cognizable under section 1983. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

Accordingly, the undersigned **RECOMMENDS** that public defendants Humphrey and Lyles be **DISMISSED** as defendants herein. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with Judge Lawson within ten (10) days after being served a copy of this order.

### D. First Amendment Violations

Plaintiff alleges that jail officials Virginia Williams and John Richards denied plaintiff the use of a law library to prepare for his criminal case, in which plaintiff was represented by counsel.

The Fourteenth Amendment provides prisoners with a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But in *Lewis v. Casey*, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited *Bounds* by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. *Id.* at 2177-79. The right of access to the courts protects only a prisoner's ability to pursue qualified legal actions. *Hyland v. Parker*, 163 Fed. Appx. 793, 798 (11th Cir. 2006).

Plaintiff's representation by counsel in his criminal case satisfies plaintiff's right of access to the courts, notwithstanding that he was denied access to a law library. *See e.g., Bounds*, 430 U.S.

at 828  (inmates have a constitutional right to either access to law library **or** assistance of a lawyer). Moreover, plaintiff has not shown that he suffered any injury as a result of being denied access to a law library.

Plaintiff additionally alleges that Williams and Richards opened his personal mail and removed citations to legal cases. Because plaintiff does not allege that the letter in issue was from his attorney, it does not appear he has presented a valid access to courts claim.  However, the Court cannot determine at this juncture with certainty that plaintiff has failed to allege a valid censorship claim under the First Amendment.  Accordingly, the Court will allow this claim to proceed against defendant jail officials Virginia Williams and John Richards.

## IV.  CONCLUSION

In a separate order, the undersigned has directed that plaintiff's fourth amendment claims against Narcotics/Vice Agent defendants Louis Schofill, Kevin Lee, David Melton, and Buddy Rhoden, and his first amendment claim against Thomas County Jail Officials Virginia Williams and John Richards, be served on said defendants.  The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this _____ day of March, 2009.


RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE