# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **HILLMAR PATTERSON, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:07-cv-176(HL) |
| | : | |
| **KEVIN LEE, et al.,** | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

This matter is before the Court on the Recommendation of United States Magistrate Richard L. Hodge, entered on March 19, 2009 (Doc. 16). Plaintiff Hillmar Patterson, Jr. has filed an Objection to the Recommendation (Doc. 23). After making a *de novo* review of the Recommendation and considering the Objection, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as more fully addressed below.

In April of 2008, Plaintiff was sentenced to a twenty-year term of imprisonment for possession of cocaine with intent to distribute. He subsequently filed this complaint pursuant to 42 U.S.C. § 1983, in which he contends that his Constitutional rights have been violated. Plaintiff's specific claims are that: (1) Narcotics/Vice Agents Louis Schofill, Kevin Lee, David Melton, and Buddy Rhoden conducted an illegal video surveillance followed by an illegal search and arrest; (2) all defendants selectively

prosecuted Plaintiff based on his race; (3) Public Defenders Jennifer Humphrey and Don T. Lyles conspired with law enforcement officials to deprive Plaintiff of his Fourth, Sixth, and Fourteenth Amendment rights and to selectively prosecute Plaintiff based on his race; and (4) jail officials Virginia Richards and John Richards violated his First Amendment rights by denying him access to the law library and by interfering with his mail.

The Magistrate Judge allowed the Fourth Amendment claim against the narcotics agents and the First Amendment claim against the jail officials to move forward. He recommended that the selective prosecution claim against all defendants be dismissed, and that Humphrey and Lyles be dismissed as defendants in the case. In his Objection, Plaintiff argues that the Magistrate Judge mischaracterized his claim against Humphrey and Lyles as one of ineffective assistance of counsel, when in fact it was a conspiracy claim.

Plaintiff's objection is without merit. A review of the Recommendation shows that the Magistrate Judge did analyze Plaintiff's allegations against Humphrey and Lyles as a conspiracy claim and found that Plaintiff did not state a cognizable claim under § 1983. In order to prove a conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. *See* Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir.1992). Plaintiff has offered no specifics on when or how an agreement between

2

Humphrey, Lyles, and any law enforcement officer may have been reached to violate his rights.  "It is not enough to simply aver in the complaint that a conspiracy existed."  Fullman v. Graddick, 739 F.2d 553, 556-557 (11th Cir.1984).  Without evidence of an agreement between Humphrey, Lyles, and the law enforcement officers, Plaintiff cannot establish a prima facie case of a conspiracy.  See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-1284 (11th Cir.2002).

To the extent Plaintiff objects to the recommendation that the selective prosecution claim be dismissed, this objection is also without merit.  Plaintiff states in his recast complaint that Thomas County narcotics agents have intentionally targeted African Americans in drug investigations, arrests, and prosecutions, presumably while ignoring similar drug crimes committed by Caucasians.

To establish a selective prosecution claim based on race, Plaintiff must show, by clear and convincing evidence, that similarly situated individuals of a different race were not prosecuted for the type of conduct  with which he has been charged and that the prosecution was motivated by a discriminatory purpose.  United States v. Smith, 231 F.3d 800, 808-809 (11th Cir.2000).  Plaintiff has not produced any evidence, much less clear and convincing evidence, to show that the Government has failed to prosecute people who are similarly situated to him.  All Plaintiff has done is make bare general allegations that Caucasians are not being prosecuted for drug crimes and that the selection of the persons being prosecuted is motivated by racial considerations.  This is insufficient to make out a claim of selective prosecution.  United States v. Silien,

3

825 F.2d 320 (11th Cir.1987) (citing United States v. Jennings, 724 F.2d 436 (5th Cir.1984)).

Accordingly, the Recommendation is adopted as the opinion of the Court. Plaintiff's selection prosecution claim is dismissed and Defendants Jennifer Humphrey and Don T. Lyles are dismissed as parties to this lawsuit.

**SO ORDERED**, this the 7th day of May, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

4