IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HILLMAR PATTERSON JR., | : | |
| Plaintiff | : | |
| VS. | : | 7 : 07-CV-176 (HL) |
| KEVIN LEE, et al., | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

The plaintiff initiated this action in October 2007, and was ordered to pay an initial partial filing fee. On February 5, 2008, having received no response or filing fee from the plaintiff, the court issued a show cause order as to why this matter should not be dismissed. The plaintiff filed a response and the court ultimately waived the payment of an initial partial filing fee, directing the plaintiff to file a recast complaint. On March 19, 2009, the court recommended the dismissal of several of plaintiff's claims, and service was ordered on the defendants. The defendants filed their Answer on April 19, 2009. Plaintiff's claims arise out of two (2) arrests and his subsequent conviction in Thomas County, Georgia. Plaintiff's remaining claims consist of a Fourth Amendment claim that Narcotics/Vice Agent defendants staged a drug buy from the plaintiff at his house, conducted a video surveillance, searched plaintiff, and ultimately arrested him, all without a warrant, and a First Amendment claim that defendants Williams and Richards refused certified mail and opened his personal mail, removing citations to legal cases.

The defendants filed a motion for summary judgment on August 13, 2009, and the plaintiff thereafter filed three (3) motions to compel. Once these motions to compel were resolved, the plaintiff

was allowed an additional twenty (20) days in which to file his response to the defendants' motion for summary judgment. Plaintiff has not filed such a response.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The defendants have supported their motion for summary judgment with the affidavits of defendants Schofill, Williams and Richards.

**Fourth Amendment Claim**

The defendants maintain that they are entitled to the entry of summary judgment regarding plaintiff's claims of unconstitutional search and arrest inasmuch as the plaintiff has failed to allege or show physical injury in connection therewith. In his complaint, the plaintiff alleges that on February 26, 2007, defendants Schofill, Lee, Melton and Rhoden instructed a confidential informant to conduct a warrantless hidden video of the plaintiff selling cocaine to the informant at plaintiff's residence, a boarding house. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought

by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In *Napier v. Preslicka*, 314 F.2d 528 (11th Cir. 2002), the Eleventh Circuit held that this provision of the PLRA applies to claims such as the plaintiff's that involve a Federal civil action brought by a prisoner for mental or emotional injury suffered while in custody. The Court specifically found that

> the PLRA should apply to prisoner lawsuits that claim injuries suffered during custodial episodes, even if such custody occurred outside prison walls. . . . [T]he PLRA covers all federal civil lawsuits filed by prisoners concerning emotional or mental injury suffered while in past or present custody, even if the subject of the filed lawsuits is unrelated to the current imprisonment.

*Id.* at 532, 534.

As argued by the defendants, inasmuch as plaintiff's recast complaint alleges only mental and emotional distress, and alleges no physical injuries as a result of the arrest and search at issue, his claim is barred under the PLRA, so long as plaintiff is in custody when bringing his claim(s). *Id*.

Additionally, the defendants maintain that they are entitled to the entry of summary judgment regarding plaintiff's claim that a warrantless hidden video of plaintiff selling cocaine to a confidential informant violated his Fourth Amendment rights, inasmuch as no warrant was needed for said video. As set out in the affidavit testimony of defendant Louis Schofill, the confidential informant agreed to obtain the hidden video of his interaction with the plaintiff on February 26, 2007, removing any justifiable expectation of privacy regarding the transaction and thereby removing the basis for a claim of a Fourth Amendment violation.

> [A] defendant has no justifiable expectation of privacy when he speaks with someone acting as a government informant, and is unaware that a recording device is concealed in the room. As long as one of the parties to a conversation knows of and consents to the recording, the fourth amendment is not violated when the government records the exchange and uses the evidence so gathered in a subsequent criminal prosecution.

*U.S. v. Laetividal-Gonzalez*, 939 F.2d 1455, 1460, 1461 (11th Cir. 1991); *overruled on other grounds, U.S. v. Giltner*, 972 F.2d 1563 (11th Cir. 1992).

"No warrant is needed when a government informant consents to the recording of a conversation in which he participates." *U.S. v. Smith*, 918 F.2d 1551, 1558 (11th Cir. 1990).

### First Amendment Claim

In support of their entitlement to summary judgment on plaintiff's First Amendment claims, the defendants have submitted the affidavits of defendants Williams and Richards, wherein they testify that neither of them opened, refused or censored any of the plaintiff's mail, regardless of its type. As pointed out by the defendants, the plaintiff does not name a specific person as having refused incoming certified mail addressed to him, and opening and removing case citations sent via regular mail. Additionally, the plaintiff does not demonstrate or allege that incoming mail from his attorney was opened, the basis for a First Amendment right of access to the courts claim. *Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008). Accordingly, defendants Williams and Richards are entitled to the entry of summary judgment in their favor.

It is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

SO RECOMMENDED, this 11th day of February, 2010.

                                            **S/G. MALLON FAIRCLOTH**
                                            **UNITED STATES MAGISTRATE JUDGE**